# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> REAL PROPERTY LOCATED AT 3306 BAY VIEW DRIVE, JONESBORO, GEORGIA, et al., <br><br> Defendants, <br><br> v. <br><br> ANYTIME BAIL BONDING, INC. <br><br> Claimant. | CIVIL ACTION NO: <br> 1:18-CV-04054-SCJ |

## VERIFIED CLAIM OF ANYTIME BAIL BONDING, INC.

COMES NOW Claimant, Anytime Bail Bonding, Inc. ("Claimant"), and pursuant to Rule G(5) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, hereby contests the forfeiture of certain property referenced in the Verified Complaint For Forfeiture [Doc. No. 1] (the "Complaint") filed by the United States of America ("Plaintiff") to the extent of Claimant's interest in such property, and hereby asserts Claimant's interest in the real property commonly referred to as 3306 Bay View Drive, Jonesboro, GA

30236 ("3306 Bay View Property"), as follows:

### Claim Relating to the 3306 Bay View Property

Claimant makes its claim to the 3306 Bay View Property as an "innocent owner" under 18 U.S.C. § 893(d), having obtained its interest in the property in good faith. In 2016, Claimant made a loan to Mitzi L. Bickers ("borrower"), in an arm's length transaction. Repayment of the loan was secured by a first priority deed to secure debt identifying the secured collateral as the 3306 Bay View Property. The security deed evidencing the loan was properly recorded in the real estate records of Henry County, Georgia, on November 14, 2016, in Deed Book 14926, pages 323-327 (hereinafter, including all renewals, amendments, extensions, or modifications thereof, the "3306 Bay View Security Deed"). Ultimately, the borrower failed to repay the indebtedness secured thereby, and Claimant elected to exercise its remedies, including *to wit*, acceptance of a deed in lieu of foreclosure ("Deed in Lieu").[1] At the time of the acceptance and recording of the Deed in Lieu, there were no potential encumbrances on title as a matter of public record.

However, ***after*** its acceptance and recording, it was discovered that Plaintiff

---

[1] The Quitclaim Deed in Lieu of Foreclosure is from Mitzi L. Bickers to Claimant, dated April 9, 2018, and recorded on April 10, 2018, in Deed Book 15791, Page 290-292, in the official public land records for Henry County, Georgia. A true and correct copy of the Deed in Lieu is attached hereto as **Exhibit A**.

had recorded a Notice of Lis Pendens identifying the 3306 Bay View Property as the subject of a forfeiture action. The *lis pendens* was not readily apparent in the public deed records as of the date that Claimant received the Deed in Lieu, nor as of the date of the recording of the Deed in Lieu, as the recording of the *lis pendens* occurred in the "gap period." In real estate parlance, the gap period is the delay between the date an instrument is recorded and the time that the instrument is publicly available or visible in the public record. The gap period is caused by delays inherent in the contemporary deed recording process.

Accordingly, Claimant hereby asserts its claim, as the fee simple owner of 3306 Bay View Property as an innocent lienholder who took title to the 3306 Bay View Property in satisfaction of the debt of borrower, and that it has no direct knowledge of the facts giving rise to the indictment in which the borrower is named.

Claimant further is the owner and holder of such other rights in the 3306 Bay View Property, and/or remedies that may apply under the circumstances at law or in equity.

To the extent there are any title defects on Claimant's interest in the 3306 Bay View Property by virtue of the acceptance of the Deed in Lieu, Claimant hereby asserts such rights to which it may be entitled, at law or in equity, that may

be necessary to restore Claimant's rights prior to acceptance of the Deed in Lieu.

WHEREFORE, Claimant prays for the following relief:

(a)     A determination by this Court that any forfeiture of the 3306 Bay View Property is subordinate to the interests of Claimant;

(b)     A determination by this Court of Claimant's priority interest in and to the 3306 Bay View Property, and the extent of such interest; and

(c)     Such other and further relief this Court deems just and proper.

Respectfully submitted this 18th day of October, 2018 by:

/s/ Brett A. Switzer
Linda A. Finley (GA Bar # 261515)
Brett A. Switzer (GA Bar # 554141)
BAKER, DONELSON, BEARMAN,
  CALDWELL & BERKOWITZ, P.C.
3414 Peachtree Road, NE, Ste 1600
Atlanta, GA 30326
Phone: 404-443-6711
Facsimile: 404-238-9710
Email: lfinley@bakerdonelson.com
           bswizter@bakerdonelson.com

*Attorneys for Claimant Anytime Bail Bonding, Inc.*

## **CERTIFICATE OF COMPLIANCE**

Undersigned counsel certifies the foregoing document has been prepared with one of the font and point selections (Times New Roman, 14 point) approved by the court in Local Rule 5.1(c) and 7.1(D).

This 18th day of October, 2018.

/s/ Brett A. Switzer
Brett A. Switzer (GA Bar # 554141)

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this day served a copy of the foregoing document by filing the same using the Court's ECF system, which will automatically send notification to the follow attorneys of record:

Byung J. Pak
Kelly Kathleen Connors
Office of the United States Attorneys
600 United States Courthouse
75 Ted Turner Drive, SW
Atlanta, GA 30303

This 18th day of October, 2018.

/s/ Brett A. Switzer
Brett A. Switzer (GA Bar # 554141)

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>REAL PROPERTY LOCATED AT 3306 BAY VIEW DRIVE, JONESBORO, GEORGIA, et al.,<br><br>Defendants,<br><br>v.<br><br>ANYTIME BAIL BONDING, INC.<br><br>Claimant. | CIVIL ACTION NO:<br>1:18-CV-04054-SCJ |

## VERIFICATION

I, Chris Bohrer, hereby state under oath that the facts stated in the "Verified Claim of Anytime Bail Bonding, Inc." are true and correct to the best of my knowledge. I verify under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct.

Executed this __17__ day of _____October_____, 2018.

**Anytime Bail Bonding, Inc.**

By: _Christopher Bohrer_
Name:      Christopher Bohrer
Title:         President